COMMONWEALTH *vs.* THOMAS HURLEY.

On the trial of an indictment on *St.* 1855, *c.* 405, for a nuisance by keeping a tenement used for the unlawful sale of intoxicating liquors, evidence that the defendant's wife sold liquor there is competent to prove that he kept it; and evidence that a woman occupied the same bed with the defendant in this tenement, and was seen getting dinner and doing other household duties there in his absence, is competent to prove her to be his wife.

INDICTMENT on *St.* 1855, *c.* 405, for a nuisance in keeping a tenement used for the illegal sale of intoxicating liquors.

At the trial in the superior court in Essex at October term 1859, before *Brigham*, J., there was evidence tending to show that the defendant resided in a tenement, such as was described in the indictment, and that a woman called " Mrs. Hurley," within the time laid in the indictment made sales of liquor there, both in the presence and in the absence of the defendant, and that the defendant made such sales within the same time, both in her presence and in her absence. The district attorney offered to prove that the woman was the defendant's wife, as tending to show that he kept the place. The defendant objected; but the court admitted the evidence.

The district attorney, to prove that the woman was the defendant's wife, offered evidence that she had on several occasions been seen occupying the same bed with him on the premises. The defendant objected that this was incompetent evidence to prove her to be his wife, but the court admitted the evidence.

The district attorney also offered to prove that the woman had been seen getting dinner in the defendant's absence, and doing other household duties on the premises. The defendant objected to the evidence of any acts not connected with the

charge contained in the indictment; but the court admitted the evidence. The defendant, being convicted, alleged exceptions.

*S. B. Ives, Jr.* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. The evidence objected to by the defendant had a tendency to show that he kept and occupied the tenement described in the indictment, and was therefore properly admitted. Cohabitation and the conduct of the parties is in all cases admissible in evidence in proof of marriage. *Sts.* 1840, *c.* 84; 1841, *c.* 20. The marriage of the parties having been shown, proof of acts by the wife in the usual and common course of domestic affairs, and in the management of a family, at the place where they cohabit, has a very direct tendency to show that the tenement so occupied is kept by the husband. The evidence produced on the part of the government was competent, and therefore admissible to establish each of these facts.

*Exceptions overruled.*